WILSON v. THE C., R. I. & P. R. CO. ET AL.

1. **Statute of Frauds:** SALE OF REAL ESTATE; PAROL AGREEMENT.
   Under an oral agreement that defendant would convey to plaintiff its
   interest in certain real estate, if the plaintiff would procure and pay in
   consideration therefor a certain specified amount in the warrants of the
   county of Jasper, the warrants were tendered to defendant's agent,
   according to the terms of the agreement, whereupon defendant refused
   to convey; *Held*, that the contract was within the statute of frauds, and
   specific performance should not be decreed.

*Appeal from Jasper Circuit Court.*

MONDAY, OCTOBER 25.

THE plaintiff filed in the Jasper Circuit Court his petition
and amendment thereto, the material portion of which alleges

that on the 11th day of September, 1874, the Chicago, Rock. Island & Pacific Railroad Company claimed to own certain swamp lands, of which a list is set out in the petition, and that the title was in dispute between the defendant and the county of Jasper, which had brought a suit to quiet the title. That to settle said suit the railroad company offered to take. the sum of thirty-one and one-fourth cents per acre for its interest in said lands, and agreed, in parol, to convey the same by quit claim to plaintiff, if he should procure to be issued to said company warrants of the county of Jasper, to the amount of thirty-one and one-fourth cents per acre thereon..

: That at the time this agreement was made plaintiff expressly informed defendant that he would not act as agent of either party, but would act independently of all obligation as agent; that he informed defendant that he would secure to be issued to said railroad company warrants to the amount of thirty-one and one-fourth cents per acre for said lands, and purchase therewith the title, which he proposed to take in his own name, and that whatever over thirty-one and one-fourth cents per acre could be secured from the county of Jasper, should be his own profit in the transaction, and that he expected to make a handsome profit on the agreement, if carried out, and that defendant expressly disclaimed any wish to receive more than thirty-one and one-fourth cents per acre, and was willing petitioner should have whatever he could make over that amount.

: That in pursuance of said agreement, and for the purpose of settling said suit, plaintiff, at the regular September session of the board of supervisors, proposed to obtain the interest of the railroad company in said lands, to be conveyed to petitioner, and to convey such interest to Jasper county, for sixty-two and one-half cents per acre. That said board offered to issue warrants to the amount of $4797.00, or sixty cents per acre, payable to the defendant, or any one authorized to receive them. That the board adjourned before acceptance of this offer, but that plaintiff afterward signified to the proper officers that the offer would be accepted, and a special session of the board was called, which passed the following resolution:

"*Be it resolved by the Board of Supervisors of Jasper county, and State of Iowa*: That the auditor of this county be, and is hereby authorized and directed to issue to the Chicago, Rock Island & Pacific Railroad Company, or any person duly and legally authorized to receive the same, county warrants, in the sum of four thousand seven hundred and ninety-seven dollars, as near as may be in the denomination of five hundred dollars each, payable on or before five years, at the option of the said county of Jasper, to draw interest at the rate of six per cent from and after one year from this date. Said orders are to be delivered to said party so entitled to them by the auditor of Jasper county, Iowa, upon settlement by deed or otherwise at his discretion, confirming, granting, conveying, and quieting the title in and to the lands in controversy, involved in the cause of *Jasper County v. The Chicago, Rock Island & Pacific Railroad Company*, now pending in the District Court of said county, said warrants to be drawn on the county fund of said county, and payable at the treasurer's office thereof."

The petition further alleges that under this resolution plaintiff procured to be issued by the auditor of Jasper county, and delivered to plaintiff, warrants to the amount in value of $2442.18, and tendered the same to Winslow and Wilson, attorneys for defendant, and demanded that they deliver the quit claim deed of the Chicago, Rock Island & Pacific Railroad Company for the lands described, which they refused to do. Plaintiff prays that a specific performance of the contract may be decreed.

The demurrer of defendants to the petition was sustained, and the petition was dismissed at plaintiff's costs. Plaintiff appeals.

*Ryan Bros.*, for appellant.

An oral agreement is admissible to prove a contract for the sale of real estate, when the purchase money or any part thereof has been received by the vendor, and the purchase price includes land conveyed by vendee to vendor. (*Devin v. Himer*, 29 Iowa, 297.) Where payment for land was to be

made in services the purchaser was entitled to the land when the services had been rendered. (*Bonnon's Estate v. Urton*, 3 G. Greene, 228.) This contract can be enforced if not prohibited by the statute of frauds. (*Bonnon's Estate v. Urton*, *supra*.) Plaintiff having fully denied his agency, such denial cannot be impaired by the use of words implying an agency. (*Quigley v. Merritt*, 11 Iowa, 147.) The county, by its Board of Supervisors, had the power to dispose of its swamp lands without a vote of the people. (*Allen v. Cerro Gordo Co.*, 34 Iowa, 54.)

*Smith & Wilson* and *Wright, Gatch & Wright*, for appellees.

Unless the contract is within some of the exceptions contained in the statute of frauds, it is covered by the statute and equity will not enforce specific performance. (*Loomis v. Loomis*, 60 Barb., 22; *Graves v. Graves*, 45 N. H., 323; *Pitman v. Poor*, 38 Me., 247.) Acts done prior to a contract are not considered as part performance thereof. (*Gilbert v. Trustees*, 1 Beasley Ch., 180; Fry on Spec. Perf., §§ 413–4; Storey's Eq. Jur., § 762.) If acts are equivocal, equity will not interfere to enforce specific performance. (*Coath v. Jackson*, 6 Ves., 12; *Gratz v. Gratz*, 4 Rawle, 411; *O'Riley v. Thompson*, 2 Cox, 271.) An agent is not permitted to purchase property when he has a duty to perform inconsistent with the character of purchaser. (*Kerfoot v. Hyman*, 52 Ill., 512; *Dutton v. Mellon*, 52 N. Y., 313; *Ackenburgh v. McCool*, 37 Ind., 473.) Specific performance will not be decreed where an award of damages would compensate the plaintiff. (*Richmond v. D. & S. C. R. Co.*, 33 Iowa, 422.) When tender is made to an agent, it must be shown that he had authority to act in that particular matter for the principal. (*Hayward v. Munger*, 14 Iowa, 516.)

DAY, J.—We deem it necessary to notice but one of the grounds of the demurrer, to-wit: "The alleged contract is within the statute of frauds, and cannot be enforced." That the agreement is within the statute of frauds we entertain no doubt. Stripped of all redundancies, the petition simply

alleges that an oral contract was made, whereby defendant agreed to convey to plaintiff certain lands at a stipulated price, to be paid in county warrants. No fact is alleged to take the case out of the operation of the statute. True, plaintiff made an agreement · with Jasper county, whereby he obtained over two thousand dollars of county warrants, which he tendered to defendant's attorney. The tender was not accepted. If plaintiff had worked a year for two thousand dollars in money, to pay for the lands, it would hardly be claimed that such act took the case out of the operation of the statute of frauds. Upon what principle it can be maintained that his one day's effort procuring county warrants with which to make payment, has that effect, we are unable to discover.

All that can be claimed is that plaintiff placed himself in a condition in which he was able to perform the contract on his part. If such fact could take a case out of the operation of the statute, it could always be defeated at the option of the purchaser. The ruling of the court below seems to us too obviously correct to require or justify extended discussion.

AFFIRMED.